UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
YASMIL FERTIDES, :
:
:
Plaintiff, :
: 21-CV-4714 (JMF)
-v- :
: ORDER OF SERVICE
:
ROBERT BEAUDOUIN, :
:
Defendants. :
:
-----------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff, who appears *pro se* and is currently held in the federal Metropolitan Correctional Center in New York, New York ("MCC"), asserts claims of constitutional violations and seeks damages. He sues: (1) MCC physician Dr. Robert Beaudouin, (2) MCC counselor Ms. Black, (3) MCC Correction Lieutenant Hope, and (4) MCC Correction Lieutenant Rice. The Court construes Plaintiff's Complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

      By Order dated July 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] *See* ECF No. 6. The Court directs service on all of the Defendants.

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1]    Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and complaint be served within 90 days of the date a complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the Complaint on the Defendants until the Court reviewed the Complaint and ordered that summonses be issued for the Defendants. The Court therefore extends the time to serve the Defendants with the Complaint until 90 days after the date that summonses are issued for the Defendants. If the Complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).") (summary order).

To allow Plaintiff to effect service of the Complaint on the Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for the Defendants. The Clerk of Court is also instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A." The Clerk of Court is further instructed to issue summonses for the Defendants, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summonses and the complaint upon the Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants Beaudouin, Black, Hope, and Rice, (2) complete USM-285 forms with the service addresses for those Defendants, (3) mark the box on the USM-285 forms labeled "Check for service on U.S.A.," and (4) deliver all documents necessary to effect service of summonses and the complaint on those Defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 19, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Dr. Robert Beaudoin
   MCC New York
   150 Park Row
   New York, New York 10007

2. Ms. Black, Counselor
   MCC New York
   150 Park Row
   New York, New York 10007

3. Lieutenant Hope
   MCC New York
   150 Park Row
   New York, New York 10007

4. Lieutenant Rice
   MCC New York
   150 Park Row
   New York, New York 10007